# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

Chukwunadu Nwachukwu
_Defendant_

ORDER OF DETENTION PENDING TRIAL

Case Number: 06-20425-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED JUL 03 2013 CLERK'S OFFICE DETROIT

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/3/2013
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Chukwunadu Shawn Nwachukwu Order of Detention

Defendant comes before the Court on a Petition for Warrant for Violation of Conditions of Supervised Release. Defendant was convicted of Felon in Possession of a Firearm, and on 09/09/2008 was sentenced to 40 months incarceration, to be followed by a two year term of supervised release in this district, which term of supervision commenced on 12/28/2011.

On May 21, 2013 Defendant pled guilty to violations of his supervised release. He was ordered continued on supervised release and Judge Duggan added the following special condition: "Zero tolerance towards any use of alcohol". Defendant was ordered to present himself and undergo weekly alcohol and drug testing.

Since the May 13 violation hearing before Judge Duggan, Defendant has evaded and avoided all means of substance abuse testing by his supervising officer. Specifically, for the past 7 weeks Defendant has managed to fail to timely appear for his scheduled visits with his supervising officer on May 15, 2013, May 17, 2013, June 3, 2013, and **he has also failed to appear for any of his drug screens, including those scheduled for June 11 and June 17.** On June 5, 2013 Defendant did report for a scheduled office visit with his supervising officer and admitted that he had failed to follow instructions by not attending any AA meetings or scheduling his last session with his therapist at Eastwood Clinic in Detroit.

Defendant requests a bond and maintains that he will appear before Judge Duggan for his next violation hearing scheduled on July 11 at 3:00 p.m. Based upon Defendant's failure to appear for any and all of his weekly drug screens since his last violation hearing, and his multiple failures to respond to his supervising officer's phone calls, and his multiple failures to be at his home during the pre-arranged times for scheduled home visits with his supervising officer, this Court has no confidence that Defendant will appear in Court for his second scheduled violation hearing before Judge Duggan. In addition, since Judge Duggan ordered "ZERO TOLERANCE" with regard to Defendant's weekly alcohol and drug testing, and Defendant has succeeded in failing to appear for any of his scheduled drug screens, thereby rendering it impossible to determine if he has been compliant with his drug and alcohol restrictions and conditions. Defendant is deemed a risk of flight based upon a preponderance of the evidence presented, which outlines his recent pattern of noncompliance by wilfully failing to appear. Therefore Detention is Ordered.